1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

JASMINE BENARD AUSTION,

Case No. 2:20-cv-10898-ODW (AFM)

12

Petitioner,

13

**ORDER TO SHOW CAUSE WHY
PETITION SHOULD NOT BE
DISMISSED**

v.

14
15

SHERIFF ALEX VILLANEUVA,

16

Respondent.

17
18

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C.

19

§ 2254 on November 20, 2020. According to the petition, Petitioner is currently in

20

state custody awaiting a criminal trial on charges of domestic violence, rape, and

21

resisting arrest. (ECF No. 1 at 2.) Petitioner alleges that he was denied his

22

constitutional rights by (1) the trial court's denial of a motion to exclude the victim's

23

inconsistent statements and (2) the trial court's denial of him motion to dismiss the

24

case. (ECF No. 1 at 5.)

25

Petitioner previously filed a habeas corpus petition in this Court, in which he

26

also sought to enjoin the same state court criminal proceedings. Case No. 2:20-cv-

27

08741-ODW(AFM). In the prior petition, Petitioner alleged that the State improperly

28

refiled charges after they were dismissed due to a speedy trial violation. On

November 10, 2020, judgment was entered dismissing that petition without prejudice based upon the Court's determination that abstention was required. For the following reasons, it appears that the present petition is subject to dismissal for the same reason that Petitioner's prior petition was dismissed.

## DISCUSSION

"Fundamental principles of comity and federalism prohibit the federal courts from enjoining ongoing state proceedings except under 'extraordinary circumstances.'" *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) (quoting *Younger v. Harris*, 401 U.S. 37, 45 (1971)). The longstanding public policy against federal court interference with pending state court proceedings is sufficiently important that federal courts may raise abstention sua sponte. *See Hoye v. City of Oakland*, 653 F.3d 835, 843 n.5 (9th Cir. 2011); *Citizens for Free Speech, LLC v. Cnty. of Alameda*, 953 F.3d 655, 658 (9th Cir. 2020) ("[T]he court may raise abstention of its own accord at any stage of the litigation.") (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976)). *Younger* abstention is appropriate where: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901-902 (9th Cir. 2019) (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations and internal quotation marks omitted)).

In this case, all the *Younger* criteria are satisfied. First, Petitioner has not yet been convicted or sentenced. Thus, criminal proceedings are ongoing. Second, it is beyond dispute that state criminal proceedings implicate important state interests, and states have an important interest in passing upon and correction violations of a criminal defendant's rights. *See, e.g., Kelly v. Robinson,* 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the

considerations that should influence a court considering equitable types of relief.") (citing *Younger*, 401 U.S. at 44-45). Third, Petitioner has an adequate opportunity in the state trial and appellate proceedings to resolve any federal questions that may have arisen during the proceedings. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (where vital state interests involved, federal court should abstain unless state law clearly bars interposition of constitutional claims) (citations and quotations omitted); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (federal court should assume state procedures will afford adequate opportunity for consideration of constitutional claims in absence of unambiguous authority to contrary). Fourth, granting the relief Petitioner apparently seeks – dismissing the charges against him – would necessarily interfere with the state criminal proceedings.

Because the *Younger* requirements are satisfied in this case, abstention applies to the petition unless Petitioner can demonstrate that "extraordinary circumstances" warrant federal intervention. *Younger*, 401 U.S. at 53. "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Petitioner does not allege, and nothing suggests, that such extraordinary circumstances exist here.

Based upon the foregoing, it appears that *Younger* abstention is required and that this petition should be dismissed without prejudice to its refiling after Petitioner's state criminal proceedings (including his direct appeal) are completed and his federal claims have been properly presented to the California courts. *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) (*Younger* abstention requires dismissal of the federal action); *Gomez v. FBI*, 2017 WL 5668027, at *2 (C.D. Cal. Nov. 27, 2017) (summary dismissal warranted where all of the *Younger* requirements were satisfied, and no extraordinary circumstances existed).

3

**ORDER**

Petitioner is ordered to show cause **on or before December 23, 2020** why this action should not be dismissed without prejudice on the basis of *Younger* abstention.

**Petitioner is cautioned that his failure to timely file a response to this Order may result in the dismissal of this petition without or for failure to prosecute and failure to comply with a court order.** *See* Fed. R. Civ. P. 41(b); C.D. Cal. Local Civil Rule 41-1.

**IT IS SO ORDERED.**

DATED:  12/7/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE