1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE BENARD AUSTION,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF ALEX VILLANUEVA,<br><br>Respondent. | Case No. 2:20-cv-10898-ODW (AFM)<br><br>**ORDER DISMISSING PETITION**<br>**WITHOUT PREJUDICE** |

## BACKGROUND

Petitioner is currently in state custody awaiting trial on criminal charges of domestic violence, rape, and resisting arrest. Petitioner previously filed a habeas corpus petition in this Court, in which he sought to enjoin the state court criminal proceedings on the basis of an alleged violation of his right to a speedy trial. Case No. 2:20-cv-08741-ODW(AFM). On November 10, 2020, judgment was entered dismissing that petition without prejudice based upon the Court's determination that abstention was required.

On November 30, 2020, Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he again challenges the pending criminal trial. On December 7, 2020, the Court issued an order to show cause why

the petition should not be dismissed based upon abstention. (ECF No. 4.) In his response to the order, Petitioner asserts that he has exhausted his state remedies with respect to his claims. (ECF No. 5.) Thereafter, Petitioner filed a first amended petition challenging the pending state proceedings. The first amended petition alleges that Petitioner's constitutional rights have been violated because: (1) the victim's inconsistent statements are inadmissible and (2) the prosecutor elicited false evidence regarding the victim's statements. (ECF No. 6 at 5-6.) For the following reasons, the petition is subject to summary dismissal.

## DISCUSSION

"Fundamental principles of comity and federalism prohibit the federal courts from enjoining ongoing state proceedings except under 'extraordinary circumstances.'" *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) (quoting *Younger v. Harris*, 401 U.S. 37, 45 (1971)). The longstanding public policy against federal court interference with pending state court proceedings is sufficiently important that federal courts may raise abstention sua sponte. *See Hoye v. City of Oakland*, 653 F.3d 835, 843 n.5 (9th Cir. 2011); *Citizens for Free Speech, LLC v. Cnty. of Alameda*, 953 F.3d 655, 658 (9th Cir. 2020) ("[T]he court may raise abstention of its own accord at any stage of the litigation.") (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976)). *Younger* abstention is appropriate where: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901-902 (9th Cir. 2019) (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations and internal quotation marks omitted)).

In this case, all the *Younger* criteria are satisfied. First, Petitioner has not yet been convicted or sentenced. Thus, criminal proceedings are ongoing. Second, it is beyond dispute that state criminal proceedings implicate important state interests,

and states have an important interest in passing upon and correction violations of a criminal defendant's rights. *See, e.g., Kelly v. Robinson,* 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") (citing *Younger*, 401 U.S. at 44-45); *Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (states have important interest in addressing violations of criminal defendant's rights, such that *Younger* abstention appropriate where petitioner's direct appeal pending in state court of appeal). Third, Petitioner has an adequate opportunity in the state trial and appellate proceedings to resolve any federal questions that may have arisen during the proceedings, including an alleged violation of due process stemming from the allegedly inadmissible or false statements. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (where vital state interests involved, federal court should abstain unless state law clearly bars interposition of constitutional claims) (citations and quotations omitted); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (federal court should assume state procedures will afford adequate opportunity for consideration of constitutional claims in absence of unambiguous authority to contrary). Fourth, granting the relief Petitioner apparently seeks – dismissing the charges against him – would necessarily interfere with the state criminal proceedings.

Because the *Younger* requirements are satisfied in this case, abstention applies to the petition unless Petitioner can demonstrate that "extraordinary circumstances" warrant federal intervention. *Younger*, 401 U.S. at 53. "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Petitioner does not allege, and nothing suggests, that such extraordinary circumstances exist here.

The fact that Petitioner may have exhausted his state remedies with respect to his pre-trial or pre-conviction claims does not alter the abstention analysis.

Because *Younger* abstention is required, the petition must be dismissed without prejudice to its refiling after Petitioner's state criminal proceedings (including his direct appeal) are completed and his federal claims have been properly presented to the California courts. *See Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988) (*Younger* abstention requires dismissal of the federal action); *Gomez v. FBI*, 2017 WL 5668027, at *2 (C.D. Cal. Nov. 27, 2017) (summary dismissal warranted where all of the *Younger* requirements were satisfied and no extraordinary circumstances existed).

IT THEREFORE IS ORDERED that this action be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  January 15, 2021

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE